**SIGNED this 12th day of September, 2011**

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Mitchell Lindin Allmon** | ) | **No. 11-12938** |
| **Mary Jane Allmon** | ) | **Chapter 7** |
| | ) | |
| **Debtors** | ) | |

## MEMORANDUM

This case is before the court on the Objection to Homestead Exemptions filed by Richard P. Jahn, Jr., as trustee of the bankruptcy estate of Mitchell Lindin Allmon and Mary Jane Allmon. Having considered the testimony and arguments presented at the evidentiary hearing conducted with respect to the objection on August 18, 2011, the court now makes its findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable in bankruptcy contested matters by Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure.

**I.**

The debtors, Mitchell Lindin Allmon and Mary Jane Allmon, have a daughter named Melissa L. Allmon. The daughter has a child who is the grandchild of the debtors. The debtors' daughter and grandchild began living in the debtors' home approximately two years ago. Some time in February 2011, the daughter was incarcerated. The grandchild continued to live with the debtors and, to facilitate this living arrangement, the daughter executed a power of attorney dated February 11, 2011, which provided as follows in its entirety (except for the omission of the child's name):

TO WHOM IT MAY CONCERN:

I, Melissa L. Allmon hereby give Power - of - Attorney to Mary N. Allmon For the purpose of temporary custody of my child . . . for medical living and housing decisions.

This action shall remain in force 30 days after my release date.

On May 31, 2011, the debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. At that time, the daughter was still incarcerated, the grandchild still lived with and was supported by the debtors, and the power of attorney remained in effect. The debtors claimed a homestead exemption of $47,199, based on Section 26-2-301(f) of the Tennessee Code Annotated, which provides for an enhanced homestead exemption if the debtor has "custody" of a minor child living in the home.

Less than two months later, on July 19, 2011, the daughter was released from prison and again moved in with the debtors. The power of attorney expired by its terms 30 days later. The daughter has not obtained employment, and the debtors continue to provide financial support for both their daughter and their grandchild.

**II.**

In objecting to the debtors' claimed homestead exemption, the trustee argues that the temporary arrangement pursuant to the power of attorney with respect to the minor child did not constitute "custody" within the meaning of the exemption statute, and that the debtors are entitled only to a $7,500 exemption, not a $47,199 exemption. The debtors argue that the arrangement under the facts of the case did satisfy the requirement of "custody" within the meaning of the exemption statute, so that they are entitled to the enhanced homestead exemption in the amount of $47,199.

The Bankruptcy Code permits a debtor to "exempt from property of the estate . . . any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(1), (3). Section 26-2-301(a) provides a homestead exemption of $5,000 for an individual debtor and $7,500 for joint owners. However, TCA Section 26-2-301(f) increases the exemption to $25,000 for "an individual who has one (1) or more minor children in the individual's custody . . . on real property that is owned by the individual and used by the individual as a principal place of residence." In a joint case, each spouse meeting the relevant criteria may claim this exemption amount, meaning that an aggregate exemption of up to $50,000 may be available. *In re Hogue*, 286 S.W.3d 890 (Tenn. 2009). The question presented in this case is whether the debtors' grandchild was in the "custody" of one or both of the debtors at the time of the filing of the debtors' bankruptcy case for purposes of the enhanced exemption statute.[1]

The Tennessee exemption statutes do not define "custody." If the language in a statute creates ambiguity, courts must look at the entire statutory scheme and elsewhere to ascertain legislative

---

[1] Although, in light of the court's decision, it is not necessary to decide whether the enhanced exemption would be $25,000 or $50,000 in this case, the court notes that the power of attorney purported to give "temporary custody" only to debtor Mary Allmon.

-3-

intent and purpose. *State v. Walls*, 62 S.W.3d 119, 121 (Tenn. 2001). Further, statutes with a common subject or purpose can be construed *in pari materia* so that the language and purpose of one may aid the construction of another. *State v. Sherman*, 266 S.W.3d 395, 405 (Tenn. 2008); *Mandela v. Campbell*, 978 S.W.2d 531, 534 (Tenn. 1998). Judge Stair of this district identified such a statute in *In re Dixon*, No. 09-32439, slip op. at 5 (Bankr. E.D. Tenn. Dec. 1, 2009), available at http://www.tneb.uscourts.gov/opinions/stair/12-01-2009;_Sharon_Dixon_09-32439.pdf.

In *Dixon*, the debtor was a co-owner of a home in which the debtor's daughter and grandchild resided. The daughter, a member of the military reserves, was absent for at least two weeks of each month, during which time the debtor cared for her grandchild. Additionally, the debtor was appointed by her daughter as "temporary guardian" over the grandchild. To determine whether such "temporary custody" sufficed under Section 26-2-301(f), Judge Stair relied upon the definition of "custody" set forth in Section 37-1-102(b)(8) of the Tennessee Code Annotated, which provides, in pertinent part:

> "Custody" means the control of actual physical care of the child and includes the right and responsibility to provide for the physical, mental, moral and emotional well-being of the child. "Custody," as herein defined, relates to those rights and responsibilities as exercised either by the parents or by a person or organization granted custody by a court of competent jurisdiction. . . . "Custody" does not exist by virtue of mere physical possession of the child.

Though not controlling, Judge Stair found this definition persuasive and concluded that non-parental "'custody' as used in § 26-2-301(f) means a court-ordered placement of a minor child under the care and control of the individual claiming the $25,000.00 homestead exemption." *Id.*, slip op. at 5. The *Dixon* case thus creates a bright-line rule: a non-parent can only obtain "custody" within the meaning of Section 26-2-301(f) pursuant to court order.

This court will follow *Dixon*. Having found no conflicting definition of child custody in the Tennessee Code, the court finds application of the definition established by Section 37-1-102(b)(8) to be reasonable and appropriate in giving effect to legislature's intent and purpose in enacting Section 26-2-301(f).

In Tennessee, custody has been understood as "a complex bundle of rights and obligations arising from the parent-child relationship" including the obligation to raise and support the child and the right to make fundamental decisions about the child's welfare. *Rust v. Rust*, 864 S.W.2d 52, 54-55 (Tenn. Ct. App. 1993). A parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972). Absent a judicial order of custody, a minor child's mother and father have equal rights and duties with respect to the custody of the child. Tenn. Code Ann. § 34-1-102; 19 W. Walton Garrett, *Tennessee Practice, Tennessee Divorce, Alimony & Child Custody* § 22:1 (2010).

Despite this general rule, in certain proceedings, certain Tennessee courts have jurisdiction to otherwise award child custody. *See*, *e.g.*, Tenn. Code Ann. §§ 36-6-101 (suits for divorce, annulment, or separate maintenance), 37-1-103 (Juvenile Court proceedings regarding dependence and neglect), 36-1-113 (adoption proceedings), 29-21-101 (habeas proceedings), 34-1-102 (guardianship proceedings). In cases of neglect, for instance, parental custody may be terminated or suspended and a legal custodian may be appointed by court order. The rights and duties of such a custodian are defined by TCA Section 37-1-140(a) to include "the right to the physical custody of the child, the right to determine the nature of the care and treatment of the child, including ordinary medical care and the right and duty to provide for the care, protection, training, and education, and the physical, mental and moral welfare of the child." These statutory rights and duties may be conditioned or

limited by the court order and any remaining rights or duties of the child's parents or guardian. *Id.* § 37-1-140(a).

"Custody" should be contrasted with temporary caregiving authority, which a parent may confer when hardship prevents him or her from caring for a child, by signing a power of attorney pursuant to the Power of Attorney for Care of a Minor Child Act, *id.* §§ 34-6-301 to -310. Such a power of attorney may be terminated by either parent at any time. *Id.* § 34-6-306. Moreover, the Act explicitly provides that such a power of attorney "does not provide legal custody to the caregiver." *Id.* § 34-6-305. The document upon which the debtors rely is nothing more than a power of attorney for care of a minor child and, as such, it cannot and did not confer custody on the child's grandmother simply by including the words "temporary custody."

The court therefore finds that the specific statutory definition of "custody" that Judge Stair borrowed from TCA Section 37-1-102(b)(8) in the *Dixon* case effectively captures much of what "custody" means under Tennessee law more generally. A person is not entitled to the enhanced Tennessee homestead exemption unless a court of competent jurisdiction has placed a minor child under the care and control of the debtor. Here, no such court order exists.[2]

For the foregoing reasons, the court will enter an order sustaining the trustee's objection to the debtors' homestead exemption claim, limiting the exemption to $7,500.

# # #

---

[2] Because there was no court order granting custody of the minor child to the debtors in this case, the court need not determine whether any court order granting custody, regardless of the duration or conditions of custody, always satisfies the meaning of "custody" as that term is used in Section 26-2-301(f) of the Tennessee Code Annotated. Suffice it to say that, under the facts of this case, the debtors did not have "custody" of the minor child within the meaning of the exemption statute at the time they filed their bankruptcy petition.